### No. 5051.

(Court of Appeal, Parish of Orleans.)

**THOMAS B. BEGG vs. ROBERT J. MALONEY ET AL.**

B. R. Forman for plaintiff and appellee.

Saunders, Dufour & Dufour for American Bonding Co. of Baltimore, appellant.

P. Maloney, McCloskey & Benedict, Dinkelspiel, Hart & Davey attorneys.

GODCHAUX, J.—This is an action against Robert J. Maloney and the surety upon his bond as notary public, wherein the plaintiff seeks to recover the loss which he suffered by reason of his having purchased from Maloney, on the faith of the latter's paraph, a mortgage note which, together with the act of mortgage with which it is identified, were subsequently proved and adjudged to have been forged by Maloney. The note was dated and was probably forged August 4, 1904, on which date the defendant, the American Bonding Company, was not

surety on Maloney's bond; but it was not issued by Maloney and sold to plaintiff until August 28, 1907, on which latter date said Bonding Company was such surety. There was judgment against Maloney and the Bonding Company, as surety, and the latter alone appeals.

The issue presented here is stated in appellant's brief from which the following quotation is made:

"There is but one point in this case, and it is this: The bond sued on was issued on June 24, 1905. The mortgage and the note were forged on August 4, 1904, but the mortgage was not issued until August 28, 1907. It thus appears that the notary forged the mortgage note in 1904, before the bond sued upon was given, but that he did not issue the note until August 28, 1907, after the bond was given. * * *

"It appears * * * that the ground of complaint of the plaintiff is the forgery of an act and note on August 4, 1904, and the issuance of the note so forged on August 28, 1907. The act of issuing the forged note relates back to the time when the note was forged, and the responsibility of the notary was incurred as of that date. The representation made when the note was issued on August 28, 1907, was that on August 4, 1904, a mortgage had been passed. This was not true. No such mortgage had been passed, but on the contrary, a forgery had taken place on the 4th of August, 1904. The criminal act was committed on August 4, 1904, and the bond of that day is a bond which secures responsibility for this act.

"The defendant company did not become the surety of Maloney as notary until June 24, 1905, nearly a year subsequent to the forgery of the act. The defendant company was obviously not liable for anything that Maloney did prior to the date on which

the defendant became his surety. But the note and mortgage had already been forged prior to that date, and it was in consequence of this forgery, made prior to the time when defendant became the surety of Maloney, that plaintiff is praying compensation."

This contention cannot be sustained. The act which caused the loss and damage complained of was not the forging of the instrument but its issuance, for, as long as the instrument remained in the possession of the notary no harm could have been accomplished. In a very recent case this Court had occasion to state.

"These defenses disposed of, we reach the merits, and the question of liability of the appellee, as the surety on said notary's official bond, to make good the damage sustained by the plaintiff by reason of said false official paraph, remains to be settled.

\* \* \* \* \* \* \* \* \* \*

"It would seem that said damage was caused by said paraph at the time that said notary sold the note to the plaintiff and received his money therefor. As long as said falsely-paraphed note remained in said notary's possession, it was harmless. Therefore, its date, February 21, 1904, is no test of appellee's liability as surety, although he was then the surety."

**Spiro vs. Connor et al., No. 4938 of our Docket.**

In as much as the Bonding Company was surety upon the bond at the time the act was committed which caused the injury, it was properly held liable by the judgment of the lower Court in the present instance and said judgment is accordingly affirmed.

Judgment affirmed.

St. Paul, J., takes no part.